UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-23691-CIV-ALTONAGA/Goodman

**TAMMY DENISE BENJAMIN**,

    Plaintiff,
v.

**ANDREW M. SAUL**,
*Commissioner of the Social*
*Security Administration*,

    Defendant.
_____/

## ORDER

On September 5, 2019, Plaintiff, Tammy Denise Benjamin, filed a Complaint [ECF No. 1] seeking review of Defendant, Andrew M. Saul, Acting Commissioner of the Social Security Administration's decision denying her supplemental security income. (*See generally id.*). The case was referred to Magistrate Judge Jonathan Goodman for a report and recommendation on dispositive matters. (*See* [ECF No. 2]). Plaintiff filed a Motion for Judgment [ECF No. 22]. Defendant then filed a Motion for Summary Judgment and a Response to Plaintiff's Motion [ECF Nos. 29–30],[1] and Plaintiff filed a Reply [ECF No. 31]. On August 28, 2020, Magistrate Judge Goodman entered his Report and Recommendations on Summary Judgment Motions [ECF No. 32], recommending the Court deny Plaintiff's Motion, grant Defendant's Motion, and enter final judgment in favor of Defendant. (*See id.* 1–2, 19).

In his thorough and comprehensive analysis, Magistrate Judge Goodman considered the four issues raised by Plaintiff in her effort to reverse the decision of the Administrative Law Judge ("ALJ"), Clara H. Aranda: (1) whether the ALJ properly weighed the medical opinion evidence

---

[1] Defendant filed the same document as both the Motion and the Response.

and determined Plaintiff's residual functional capacity assessment; (2) whether the ALJ properly assessed Plaintiff's subjective symptoms and limitations; (3) whether the ALJ relied on a flawed hypothetical question to the vocational expert; and (4) whether the ALJ had legal authority to decide her case based on *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018). (*See* Report 6–7). The Magistrate Judge did not find any of Plaintiff's arguments persuasive and explains why in his 20-page Report. (*See generally id.*).

When a magistrate judge's findings or recommendations have been objected to, district courts must review the findings or recommendations *de novo*. *See* Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 addition (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed — not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alterations added)).

On September 11, 2020, Plaintiff timely filed her Objections to the Magistrate Judge's Report and Recommendations [ECF No. 33]. On September 25, 2020, Defendant filed a Response to Plaintiff's Objections to the Report and Recommendation [ECF No. 35]. Plaintiff submits four objections to the Report, each of which is addressed below. (*See* Objs. 2–12).

***Plaintiff's first objection***. Plaintiff contends the ALJ and Magistrate Judge do not provide adequate reasons to accord Plaintiff's treating physician's opinions "little weight" and rely on "wholly unrelated" treatment notes. (Objs. 2–4). Plaintiff maintains her position is supported by

her treating physician, Dr. Bosa-Osorio's medical opinions. (*See id.* 3–4). The Court disagrees.

The Report finds the ALJ did not err in assigning little weight to the medical opinions of Plaintiff's treating physician. (*See* Report 8–9). The Report properly explains the supportability of this conclusion. (*See id.* 7–10). It discusses the ALJ's articulated reasons for discounting Dr. Bosa-Osorio's opinions and notes Plaintiff's burden to show the ALJ lacked substantial evidence in making the decision. (*See id.* 9–10). The Report acknowledges the record evidence and the inconsistency in Plaintiff's treating physician's own medical records and the medical records from other providers. (*See id.* 9).

Although Plaintiff disagrees with the ALJ's and Magistrate Judge's conclusions, the Court finds those conclusions are supported by substantial evidence. The Court will not — and cannot — do what Plaintiff requests: discount all the medical records considered by the ALJ and Magistrate Judge and "reweigh the evidence or decide facts anew[.]" *Espaillat v. Saul*, No. 19-cv-61703, 2020 WL 5087030, at *3 (S.D. Fla. Aug. 28, 2020 (alteration added; quotation marks and citations omitted). Plaintiff's remaining objections regarding the medical opinions of her treating physician are improper, as these assertions are simply restated arguments presented in her Motion. (*Compare* Pl.'s Mot. 16–17, *with* Objs. 3–6).

Plaintiff next contends the ALJ and Report improperly determine Plaintiff has the residual functional capacity ("RFC") to perform light work. (*See* Objs. 6–8). According to Plaintiff, the ALJ "is not permitted to determine a claimant's RFC based on her interpretation of the clinical and objective medical findings." (*Id.* 7). Plaintiff maintains she neither stated "she can perform light work activities nor did she describe any activities of daily living consistent with light exertional work[.]" (*Id.* (alteration added)). For support, Plaintiff copies sentences from her Motion and essentially asks the Court to reweigh the evidence, decide the facts anew, and reject

3

the Report. (*Compare* Pl.'s Mot. 12, *with* Objs. 7–8 (admitting her objections were "already discussed . . . in [her] opening and reply brief" (alterations added))). This, the Court will not do. *See Mills v. Berryhill*, -- F. App'x --, 2020 WL 5085828, at *4 (11th Cir. Aug. 28, 2020) (affirming the Commissioner's decision where the plaintiff's arguments effectively asked the court to decide the facts anew, make credibility determinations, or reweigh the evidence (citation omitted)).

In short, Plaintiff's first objection is overruled.

***Plaintiff's second objection***. Plaintiff insists the ALJ and Report failed to properly evaluate Plaintiff's subjective statements. (*See* Objs. 8–9). As Defendant aptly observes, Plaintiff "does nothing more than rehash arguments from her opening brief that the ALJ erred by not recognizing certain abnormal findings, improperly considered improvement with treatment, and improperly considered daily activities." (Resp. to Objs. 9; *compare* Objs. 8–9, *with* Pl.'s Mot. 19–21). Plaintiff does not set forth a legal argument explaining why the Report is incorrect that the ALJ properly discredited Plaintiff's subjective complaints, nor does Plaintiff articulate a legal ground for objection. Plaintiff's second objection is not worthy of *de novo* review and is overruled. *See, e.g.*, *Fernandez Rodriguez v. Saul*, No. 18-24554-Civ, 2020 WL 1692105, at *2 (S.D. Fla. Feb. 12, 2020).

***Plaintiff's third objection***. Plaintiff claims the ALJ erred by omitting from the posed hypothetical to the vocational expert Plaintiff's moderate limitations in concentration, persistence, and pace. (*See* Objs. 9–11). According to the Plaintiff, the ALJ improperly "limited her to understand and remember simple instructions and perform simple and repetitive tasks; [and] make simple work-related decisions." (Pl.'s Reply 8 (alteration added); *see* Objs. 10 (copying and pasting same argument)). Plaintiff is mistaken.[2] *See Neefe v. Comm'r of Soc. Sec.*, 531 F. App'x

---

[2] Plaintiff states the Eleventh Circuit addressed the "same argument" in *Samuels v. Acting Commissioner of Social Security*, 959 F.3d 1042 (11th Cir. 2020). (Objs. 10). Aside from a single conclusory sentence,

1006, 1007 (11th Cir. 2013) (holding the ALJ implicitly accounted for the claimant's moderate limitations in concentration, persistence, and pace "by limiting the hypothetical that was posed to the vocational expert to include only simple tasks or unskilled work." (citation omitted)); *Scott v. Comm'r of Soc. Sec.*, 495 F. App'x 27, 29 (11th Cir. 2012) (holding a hypothetical to the vocational expert limiting the claimant to "low stress, simple, unskilled; one, two, or three step instructions" accounted for the claimant's moderate limitations in concentration, persistence, and pace (quotation marks omitted)); *Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 872 (11th Cir. 2011) ("[A]n ALJ's hypothetical restricting the claimant to simple and routine tasks adequately accounts for restrictions related to concentration, persistence and pace where the medical evidence demonstrates that the claimant retains the ability to perform the tasks despite concentration deficiencies." (alteration added; citation omitted)).

Plaintiff's third objection is overruled.

***Plaintiff's fourth objection***. Plaintiff contends the Report incorrectly concludes she forfeited her Appointment Clause challenge to the ALJ by failing to raise the issue in the administrative proceedings. (*See* Objs. 11–13). Plaintiff advises an appeal on this issue is pending before the Eleventh Circuit. (*See id.* 12 n.5); *see also Lopez v. Acting Comm'r of Soc. Sec.*, No. 19-11747, Order Sch. Oral Arg. Oct. 27, 2020 (11th Cir. Aug. 31, 2020); *Perez v. Comm'r of Soc. Sec.*, No. 19-21160, Order Sch. Oral Arg. for Oct. 27, 2020 (11th Cir. Aug. 31, 2020).

Although "district courts within the Eleventh Circuit have consistently determined that an Appointments Clause challenge must be raised before an ALJ's decision becomes final at the administrative level[,]" *Bellamy v. Comm'r of Soc. Sec.*, No. 19-81572-Civ, 2020 WL 5517520, at

---

Plaintiff does not discuss the facts or the arguments presented in *Samuels*. (*See id.*). As Defendant correctly notes, "*Samuels* does not focus on whether limitations in a hypothetical account for a [psychiatric review technique] rating of 'moderate' for the area of concentration, persistence, or pace." (Resp. to Objs. 13 (alteration added)). Plaintiff's invocation of *Samuels* fails to persuade.

*2 (S.D. Fla. Sept. 14, 2020) (alteration added; quotation marks and emphasis omitted; collecting cases), to conserve the parties' and judicial resources, the Court will reserve ruling on the fourth objection pending a decision by the Eleventh Circuit.

*Conclusion*.  The undersigned agrees with the analysis and recommendations in Judge Goodman's Report regarding Sections A–C.  (*See* Report 7–16).  The Court reserves ruling on Section D pending the Eleventh Circuit's decisions in *Lopez* and *Perez*.  (*See id.* 16–18). Accordingly, it is **ORDERED AND ADJUDGED** that

1. The Report and Recommendations on Summary Judgment Motions **[ECF No. 32]** are **ADOPTED in part**.

2. Plaintiff's Motion for Judgment **[ECF No. 22]** is **DENIED in part**, and Defendant's Motion for Summary Judgment **[ECF No. 29]** is **GRANTED in part**.

3. The case is **STAYED** pending the resolution of the appeals in *Lopez v. Acting Commissioner of Social Security*, No. 19-11747; and *Perez v. Commissioner of Social Security*, No. 19-21160.  The parties shall provide the Court with joint status updates regarding these appeals every 60 days beginning **November 30, 2020**.

4. The case is **ADMINISTRATIVELY CLOSED**, for statistical purposes only, without prejudice to the substantive rights of any of the parties.  Any party may move to reopen the case at the appropriate time.

**DONE AND ORDERED** in Miami, Florida, this 29th day of September, 2020.

                                      **CECILIA M. ALTONAGA**
                                      UNITED STATES DISTRICT JUDGE

cc:    Magistrate Judge Jonathan Goodman;
        counsel of record